UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Newport News Division

| | |
|---|---|
| TROY D. DWYER, derivatively on Behalf of QUINBY ALLIE, LLC and BELLA SKY, LLC, *et. al.*,<br><br>Plaintiffs,<br><br>v.<br><br>L.D. AMORY AND COMPANY, INCORPORATED, *et al.*,<br><br>Defendants. | Civil No. 4:21cv37 |

## ORDER

Pending before the Court is a Motion for Leave to Amend Complaint (the "Motion") submitted by Plaintiff Troy D. Dwyer, both individually and derivatively on behalf of QUINBY ALLIE, LLC ("Quinby Allie") and BELLA SKY, LLC ("Bella Sky") (together, the "LLCs"). ECF No. 62. For the foregoing reasons, the Motion is **GRANTED in part and DENIED in part**.

I. **BACKGROUND**

On April 16, 2021, Plaintiffs filed their original complaint against Defendants L.D. AMORY AND COMPANY, INCORPORATED ("LDA"), Mr. C. Meade Amory, and Ms. Quinby J. Amory alleging wrongful arrest and breach of fiduciary duty. Compl. at 24–27[1], 29–33, ECF No. 1. Plaintiffs also request declaratory relief that

---

[1] Page numbers are based on the ECF-generated pagination.

1

F/V QUINBY ALLIE and F/V BELLA SKY (together, "Vessels"), the two vessels in question, are not subject to maritime liens and on the validity of debt asserted by Defendant LDA against Quinby Allie and Bella Sky. *Id.* at 27–29. Finally, Plaintiff requests the removal of C. Meade Amory as Manager of the LLCs and dissociation as Member of the LLCs. *Id.* at 33–34. On May 24, 2021, Defendant C. Meade Amory filed an Answer and Counterclaim. ECF No. 20. Plaintiffs filed an Answer to the Counterclaim on June 8, 2021. ECF No. 23. Defendants LDA and Quinby J. Amory filed a Motion to Dismiss for Failure to State a Claim on June 8, 2021. ECF No. 27. The Court denied Defendants' Motion to Dismiss on March 18, 2022. ECF No. 45. Defendants LDA and Quinby J. Amory filed an Answer on April 1, 2022. ECF No. 49.

On August 26, 2022, Plaintiffs filed a Motion for Leave to Amend Complaint. ECF No. 62. Since filing the Complaint (ECF No. 1), Plaintiffs claim that the false liens led to the arrests and judicial sales of F/V QUINBY ALLIE and F/V BELLA SKY and that Defendants have not been forthcoming with requests for an accurate accounting of Quinby Allie and Bella Sky. *Id.* at 1. On September 9, 2022, Defendants submitted Responses in Opposition. ECF Nos. 65 and 66. On September 22, 2022, Plaintiffs submitted a Reply. ECF No. 69. The Court has determined that a hearing on the Motion is unnecessary, as the issues for decision are adequately presented in the briefs. *See* E.D. Va. Local Civ. R. 7(J). The Motion is ripe for adjudication.

## II.   AMENDED COMPLAINT

Plaintiffs seek to make the following changes to the Complaint, which are related to the arrest and judicial sale of the two Vessels:

2

1. <u>Claim for Tortious Interference with Business Expectancy:</u> Plaintiffs seek to add a Tortious Interference claim against all Defendants because of Defendants' subsequent actions arresting and selling the Vessels. Proposed Am. Compl. at 40–42, ECF No. 63-1. Plaintiffs allege that Defendants' actions prevented Plaintiff Dwyer from operating and fishing on the Vessels. Mem. Supp. Mot. Amend at 9, ECF No. 63. As a result, Plaintiffs failed to realize profits from their commercial fishing operations. *Id.*

2. <u>Additional Facts on Amory's Role in Causing Vessel Arrests:</u> Plaintiffs also seek to plead additional factual grounds to support their existing claim of Breach of Fiduciary Duty against Defendant C. Meade Amory. *Id.* at 11. In particular, Plaintiff alleges that Mr. Amory directed Ms. Triplett to notify the Vessels' mortgagee, Truist, of Defendant LDA's recorded maritime liens against F/V BELLA SKY in the amount of $501,567.42 and F/V QUINBY ALLIE in the amount of $591,141.80. *Id.* at 3, 11. The notification caused the Vessel arrests in Massachusetts, which detained the Vessels and prevented the LLCs from earning revenue for over a year. *Id.* at 11. Plaintiffs attempted to save the Vessels from judicial foreclosure but failed to do so. *Id.* at 12. The Vessels were sold at auction on March 22, 2022, and the Motions to Confirm the sales are still pending. *Id.*

3. <u>Claim for Accounting under Virginia Statute:</u> Finally, Plaintiffs seek to include a claim for accounting in equity under Virginia Code section 8.01-31 against Mr. Amory. *Id.* Virginia Code section 8.01-31 permits actions against a fiduciary who received more than his just share or proportion. Va. Ann. Code § 8.01-31. Under

3

Virginia Code section 13.1-1028(B)(2), each member of a limited liability company may obtain from the manager true and full information regarding the state of the business and financial condition of the limited liability company. Va. Ann. Code § 13.1-1028(B)(2). Plaintiffs allege that despite multiple requests, Mr. Amory has not been forthcoming with an accurate accounting of the LLCs. *Id.* at 13. Plaintiffs allege that the LLCs' financial records received to date have significant discrepancies in the application and use of the LLCs' assets. *Id.* The LLCs are unable to perform an accounting without Mr. Amory's assistance due to his alleged poor bookkeeping methods and commingling of the LLCs' operating funds with LDA's accounts. *Id.*

## III. LEGAL STANDARD

### A. Federal Rule of Civil Procedure 15(a)

Under Federal Rule of Civil Procedure 15(a), leave to amend "shall be freely given when justice so requires," absent "undue delay, bad faith or dilatory motive on the part of the movant." *Foman v. Davis*, 371 U.S. 178, 182 (1962). The Fourth Circuit clearly instructs that "leave to amend a pleading should be denied *only when* the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would be futile." *Johnson v. Oroweat Foods Co.*, 785 F.2d 503, 509 (4th Cir. 1986) (emphasis added); *see also Galustian v. Peter*, 591 F.3d 724, 730 (4th Cir. 2010) ("It is this Circuit's policy to liberally allow amendment in keeping with the spirit of Federal Rule of Civil Procedure 15(a)."). The district court has discretion over whether to grant or deny an opportunity to amend, but the Supreme Court has described Rule 15(a)'s preference for allowing

4

amendments as a "mandate [] to be heeded." *Id.* "A liberal, pro-amendment ethos dominates the intent and judicial construction" of Rule 15(a). 3 James Wm. Moore et al., Moore's Federal Practice ¶ 15.14 (3d ed. 1997); *see also Laber v. Harvey*, 438 F.3d 404, 426 (4th Cir. 2006) (en banc) ("This liberal rule gives effect to the federal policy in favor of resolving cases on their merits instead of disposing of them on technicalities.").

"Whether an amendment is prejudicial will often be determined by the nature of the amendment and its timing." *Laber*, 438 F.3d at 427. A quintessentially prejudicial amendment is one offered shortly before or during trial that raises a new legal theory that would entail additional discovery and evidentiary burdens. *Cf. Johnson*, 785 F.2d at 509; *Davis v. Piper Aircraft Corp.*, 615 F.2d 606, 613 ("Because defendant was from the outset made fully aware of the events giving rise to the action, an allowance of the amendment could not in any way prejudice the preparation of defendant's case."); *Laber*, 438 F.3d at 427 ("An amendment is not prejudicial . . . if it merely adds an additional theory of recovery . . . and is offered before any additional discovery has occurred."). "[A]bsence of prejudice, though not alone determinative, will normally warrant granting leave to amend." *Piper Aircraft Corp.*, 615 F.2d at 613.

Timing is a key consideration in assessing both whether an amendment is prejudicial and whether it is offered in bad faith. "A moment's reflection reveals . . . that the further the case progressed before judgment was entered, the more likely it is that the amendment will prejudice the defendant or that a court will find bad faith on the plaintiff's part." *Laber*, 438 F.3d at 427. An amendment is offered in bad faith

5

"when a party has [unduly] delayed in seeking an amendment after the basis for the amendment becomes known." *Flame S.A. v. Indus. Carriers, Inc.*, No. 2:13cv658, 2014 WL 4202470, *2 (E.D. Va. Aug. 22, 2014). A plaintiff's diligence in filing the amended complaint indicates an absence of bad faith. *Laber*, 438 F.3d at 428.

Finally, an amendment is futile if it "fails to satisfy the requirements of the federal rules." *United States ex rel. Wilson v. Kellogg Brown & Root, Inc.*, 525 F.3d 370, 376 (4th Cir. 2008) (finding district court did not abuse discretion in denying third amended complaint that failed to properly state a claim for relief under Rule 12(b)(6) and lacked sufficient particularity under Rule 9(b)); *see also, e.g.*, *Bey v. Michael*, No. 3:20cv931, 2021 WL 865805, at *3 (E.D. Va. Mar. 8, 2021) ("An amendment is futile when the proposed amendments could not withstand a motion to dismiss.") (internal quotation marks omitted). A court may test the sufficiency of the proposed amendment by applying the standard of review applicable in a Rule 12(b)(6) motion to dismiss. *Smith v. Purnell*, No. 1:11cv922, 2011 WL 6140868, at *4 (E.D. Va. Dec. 9, 2011).

### B.     Rule 12(b)(6) Motion to Dismiss

Federal Rule of Civil Procedure 12(b)(6) permits a defendant to seek dismissal based on a plaintiff's "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A motion to dismiss for failure to state a claim should be granted if the complaint does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). An adequate claim requires more than a "sheer possibility that a defendant has acted unlawfully."

*Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

A threadbare recitation of the "elements of a cause of action, and bare assertions devoid of further factual enhancement fail to constitute well-pled facts for Rule 12(b)(6) purposes." *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 255 (4th Cir. 2009). Although the truth of the facts alleged is assumed, and the facts are taken in the light most favorable to the plaintiff, courts are not bound by "legal conclusions drawn from the facts" and "need not accept as true unwarranted inferences, unreasonable conclusions, or arguments." *E. Shore Mkts., Inc. v. J.D. Assocs. Ltd. P'ship*, 213 F.3d 175, 180 (4th Cir. 2000).

A motion to dismiss pursuant to Rule 12(b)(6) must be read in conjunction with Federal Rule of Civil Procedure 8(a)(2). Rule 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief," so as to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555 (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Fair notice is provided by setting forth enough facts for the complaint to be "plausible on its face" and to "raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* at 555, 570 (internal citations and footnote omitted). A complaint may survive a motion to dismiss "even if it appears that a recovery is very remote and unlikely." *Id.* at 556

(quoting *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)) (internal quotation marks omitted).

### C. Tortious Interference with Business Expectancy

To state a claim for tortious interference with business expectancy under Virginia law, plaintiffs must allege (1) the existence of a business relationship or expectancy with a probability of future economic benefit to plaintiff; (2) defendant's knowledge of the relationship or expectancy; (3) a reasonable certainty that plaintiff would have continued in the relationship or realized the expectancy absent defendant's intentional misconduct; (4) interference by improper methods; and (5) damages resulting from that interference. *NorthStar Aviation v. Alberto*, 332 F. Supp. 3d 1007, 1019 (E.D. Va. 2018). With respect to the first prong, courts conduct a fact-intensive review to determine whether a probability of future economic benefit exists. *L-3 Commc'ns Corp. v. Serco, Inc.*, 926 F.3d 85, 94 (2019).

## IV. ANALYSIS

### A. The Amended Complaint is not prejudicial to Defendants.

At issue is whether Plaintiffs' proposed amendment prejudices Defendants. To determine whether the amendment is prejudicial, the Court looks to the nature of the amendment and the timing. *See Laber*, 438 F.3d at 427. First, the proposed amended complaint brings two wholly new claims: (1) a claim for tortious interference with business expectancy and (2) a claim for accounting pursuant to Virginia Code section 8.01-31. *See* Proposed Am. Compl. at 40–43, ECF No. 63-1. The proposed amended complaint also pleads additional factual grounds to further support the claim for

8

breach of fiduciary duty. *Id.* at 35–37. The new claims and factual allegations are related to the recorded maritime liens that LDA allegedly has against F/V BELLA SKY and F/V QUINBY ALLIE and subsequent events that occurred as a result of the liens. Mem. Supp. Mot. Amend at 3, ECF No. 62. These events include Truist's *in rem* arrest and judicial sale of the Vessels. *Id.* at 3–5. Because the new claims and alleged facts derive from a natural progression of events alleged in the initial complaint, Defendants have generally been on notice such that the proposed amendments do not unduly prejudice Defendants. *See Piper Aircraft Corp.*, 615 F.2d at 613. Second, Plaintiffs brought the instant Motion to Amend prior to the Rule 16(b) scheduling conference, and the Motion became ripe at the start of discovery. *See* Rule 16(b) Scheduling Order, ECF No. 64. The timing of the amendment also supports a finding that the amendment will not prejudice Defendants. *See Laber*, 438 F.3d at 427–28 (reversing district court decision denying amendment in part because significant discovery had not been conducted).

As such, the Court finds that the proposed amendments do not prejudice Defendants. Because Defendants do not oppose the proposed amendments concerning breach of fiduciary duty or accounting on other grounds, these amendments are permitted.

### B. Plaintiffs' claim for tortious interference with business expectancy is futile.

At issue is whether Plaintiffs' claim for tortious interference is futile. Defendants argue that the claim fails because of a lack of anticipated contract or transaction with a third party. Resp. in Opp'n at 4, ECF No. 65. To maintain a claim of tortious

9

interference, a plaintiff must allege a "specific contract or relationship." *Masco Contractor Servs. E., Inc. v. Beals*, 279 F. Supp. 2d 699, 709 (E.D. Va. 2003). "Under Virginia law, the expectancy of remaining in business is too general to support a tortious interference claim." *Id.* at 710 (internal citation and quotation marks omitted); *see also Eurotech, Inc. v. Cosmos Euro. Travels Aktiengesellschaft*, 189 F. Supp. 2d 385, 391 (E.D. Va. 2002) ("Because plaintiffs do not identify the specific business relationships with which defendant has interfered, plaintiffs' tortious interference claim fails.").

In the instant case, Plaintiffs fail to allege a specific contract or relationship in the proposed amended complaint. Plaintiffs have alleged only "that the LLCs had a valid expectancy of future income . . . from future fishing trips." Proposed Am. Compl. at 39–40, ECF No. 63-1. Without more, this is not sufficient for the Court to find an existing contract or business expectancy. *See Beals*, 279 F. Supp. 2d at 709 ("The purpose of laws against tortious interference is . . . [to] provide a legal remedy where a particular party's *specific, existing* contract or business expectancy or opportunity has been interfered with in a tortious manner.").

Plaintiffs attempt to remedy the lack of information in their reply by listing the names of various fishing houses that the "Vessels have previously sold to and expected to continue to sell to." Reply at 5, ECF No. 69. However, even with this information, Plaintiffs have not sufficiently alleged a business expectancy. There is no valid business expectancy where customers have purchased goods on an "as needed" basis in the past but have no commitment to future purchases. *See*

*Southprint, Inc. v. H3, Inc.*, 208 F. App'x 249, 253 (4th Cir. 2006) (quoting *RFE Indus., Inc. v. SPM Corp.*, 105 F.3d 923, 927 (4th Cir. 1997)). Without alleging additional facts on a course of similar prior dealings with customers, Plaintiffs' proposed amended complaint fails to state a plausible claim for tortious interference with business expectancy. *Twombly*, 550 U.S. at 570; *see L-3 Commc'ns Corp.*, 926 F.3d at 94 (noting a regular course of similar prior dealings may suggest a valid business expectancy). As such, Plaintiffs' proposed amendment to include a claim for tortious interference with business expectancy is futile.

## V.   CONCLUSION

For the foregoing reasons, Plaintiffs' Motion for Leave to Amend Complaint (ECF No. 62) is **GRANTED in part and DENIED in part**. Plaintiffs SHALL, within fourteen (14) days of the date of entry of this order, file an Amended Verified Complaint that is identical to the Proposed Amended Complaint (ECF No. 63-2) except that it omits the "Tortious Interference" claim located on ECF pp. 40–42 (PageID.922–24).

The Clerk is **REQUESTED** to forward a copy of this Order to counsel of record for all parties.

**IT IS SO ORDERED.**

/s/<br>
Arenda L. Wright Allen<br>
United States District Judge

January 19, 2023
Norfolk, Virginia

11