**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**NEWPORT NEWS DIVISION**
In Admiralty

| | |
|---|---|
| **TROY D. DWYER,** *et al.* | |
| **Plaintiffs,** | |
| **v.** | **Civil No: 4:21-cv-00037-AWA-RJK** |
| **L.D. AMORY AND COMPANY,** **INCORPORATED,** *et al.* | |
| **Defendants.** | |

.

**MEMORANDUM IN SUPPORT OF DEFENDANT QUINBY AMORY'S**
**MOTION TO DISMISS, OR IN THE ALTERNATIVE,**
**MOTION FOR SUMMARY JUDGMENT**

Defendant Quinby Amory, by and through counsel, hereby moves for dismissal of the

Complaint or summary judgment in her favor and against Plaintiff Troy Dwyer, Quinby Allie LLC

and Bella Sky LLC, and in support thereof avers as follows:

**Statement of Undisputed Facts**

1.      L.D. Amory ("LDA") is a Virginia corporation that operates a fish house in

Hampton Virginia. (Docket No. 1 at ¶3 and 4).

2.      The sole shareholder and president of LDA is Quinby Amory (Mrs. Amory).  *(Id.*

at ¶6).

3.      Meade Amory ("Meade") is an officer of LDA, but holds no ownership interest in

the company.  *(Id.* at ¶5, 6).

4.      Meade and Troy Dwyer ("Dwyer") are 50% shareholders in Bella Sky LLC and

Quinby Allie LLC (collectively "the LLCs"), who own the F/V BELLA SKY and F/V QUINBY

ALLIE (the Vessels), respectively. *(Id.* at ¶13, 14).

5.      Truist Bank (formerly BB&T Bank) held mortgages on the Vessels.

6.      LDA guaranteed the mortgage on the F/V BELLA SKY. (*Id*. at ¶ 34).

7.      LDA also guaranteed the mortgage on the F/V QUINBY ALLIE. (Docket No. 28-3).

8.      In 2020, Dwyer and Meade began to explore the sale of the Vessels to Dwyer or another buyer.  (*See* Docket No. 1 at ¶59-80).

9.      No agreement was reached by Dwyer and Meade about selling the Vessels. *Id.*

10.     In February 2021, LDA filed a lien against the Vessels with the U.S. Coast Guard documentation center.  (Docket No. 1-11).

11.     Through counsel, LDA filed an *in rem* claim against the Vessels in the Eastern District of Virginia on March 12, 2021, causing the Vessels to be arrested.  (*See* Docket in Civil Action 4:21-cv-00024.).

12.     Dwyer and the LLCs filed a Motion to Vacate the Arrest on March 13, 2021, and the arrest was voluntarily dismissed on March 14, 2021.   (*See* Docket No. 1 at ¶94)[1]

13.     The Vessels were under arrest for less than 48 hours.  *Id.*

14.     On April 16, 2021, Dwyer and the LLCs filed this action for wrongful arrest against LDA, Meade Amory and Quinby Amory, and sought a declaration that LDA had no maritime liens against the Vessels. (Docket No. 1).

15.     The Complaint also alleges that Mrs. Amory's Verification of the arrest complaint was made in violation of 28 U.S.C. §1746, and with gross negligence and/or reckless regard for the truth. *Id*. at ¶ 112.

---

[1] Unless otherwise noted, the Docket entries refer to this Civil Action, and not the earlier arrest action.

16.     Mrs. Amory was not a party to the Complaint seeking the arrest of the Vessels in March 2021 in the Eastern District of Virginia.  *See* Verified Complaint in C.A. 4:21-cv-24, attached as **Exhibit A**.

17.     Mrs. Amory signed the Verification to the arrest Complaint on behalf of the only plaintiff, LDA.  **Exhibit B**.

18.     Mrs. Amory did not personally file any liens against the Vessels with the U.S. Coast Guard.  **Exhibits C and D**.

19.     Mrs. Amory has no maritime liens against the Vessels.

<u>**The Complaint for Wrongful Arrest**</u>

Although Plaintiffs' Complaint contains 166 allegations, only eleven of these allegations involve Mrs. Amory.  The allegations against Defendant Quinby Amory (Mrs. Amory) are summarized below.  Although the Court may consider them as true for the purpose of deciding this motion, many are disputed by Mrs. Amory and LDA.  Docket No. 49, Answer of LDA and Mrs. Amory to Complaint.  The paragraph numbers refer to the paragraphs in the Complaint.

6.     Quinby J. Amory (Mrs. Amory) is an individual currently residing in the Commonwealth of Virginia.  She is the President of LDA and its sole shareholder.

82.     On February 24, 3031, Meade Amory caused LDA, through Triplett and Mrs. Amory to file maritime liens for necessaries against the Vessels, even though Meade Amory and Mrs. Amory knew or should have known that the purported debt of LDA did not create a lien on the Vessels.

83.     Mrs. Amory signed the Notices of Claim of Lien that were filed with the Coast Guard.

91.     Mrs. Amory verified the complaint to arrest Vessels under penalty of perjury under U.S. law on March 10, 2021, identifying herself as president of LDA.

92.     Mrs. Amory is not familiar with the business affairs and records of LDA, and had little knowledge of the purported debt owed to LDA or any knowledge of the necessaries provided to the Vessels by LDA.

111.    The *in rem* action against the Vessels could not have been filed without Mrs. Amory's verification.

112.    Mrs. Amory's Verification was made in violation of 28 U.S.C. §1746, and with gross negligence and/or reckless regard for the truth.

121.    The Court should find Mrs. Amory liable to the LLCs for her acts in falsely and/or with gross negligence verifying the complaint so that the Vessels could be arrested.

127.  Mrs. Amory executed each notice of claim of lien against the vessel without any good faith basis for believing they were valid, and as such, is personally liable for her individual action in causing the invalid liens to be recorded.

132.    LDA, through its president, Mrs. Amory, continues to assert these wrongful invalid liens against the Vessels, even after dismissing its arrest action in Virginia.

134.    The Court should declare that the Vessels are not subject to the claimed liens by LDA, and award attorneys' fees and such other and further relief against both LDA and Mrs. Amory.

Allegations against Mrs. Amory are also found in Count Three, however no relief is requested from either LDA or Mrs. Amory in that count.  Docket No. 1 at ¶145 and ¶147.

Finally, relief is sought in the Complaint against Mrs. Amory, jointly and severally with LDA and Meade Amory, for attorneys' fees, costs and expenses incurred as a result of the wrongful arrest, and seeks to have the liens for necessaries declared invalid.

## Argument

It is undisputed that Mrs. Amory was not a party to the *in rem* civil actions filed by LDA to arrest the Vessels in March 2022.  It is also undisputed that Mrs. Amory has no maritime liens for necessaries against the Vessels.  The Claims of Lien filed with the Coast Guard were filed on behalf of LDA, and not by Mrs. Amory personally. *(See* Docket No. 1-11). Both the Verification to the arrest complaint and the Notices of Claim of Lien were signed by Mrs. Amory on behalf of the corporation, and not individually.

The Complaint sets forth only one cause of action against Mrs. Amory, which seeks damages for wrongful arrest of the Vessels. *Id*. at Count One. [2] Even a cursory review of the arrest complaint reveals that Mrs. Amory was not a party to that civil action, and did not personally arrest the Vessels.  (*See* **Exhibit A**, Arrest Complaint in Civil Action No. 4:21-cv-00024).  Although no such allegations are made in this wrongful arrest action, Plaintiffs appear to be attempting to pierce the corporate veil and hold the sole shareholder of LDA liable for the allegedly wrongful arrest of the Vessels by the company.

### I.      Any Veil Piercing Theory Fails

As both the underlying arrest complaint and the current action for wrongful arrest are grounded in maritime law, the Court should apply federal maritime law to any veil piercing theory

---

[2]  Although Count Two seeks a Declaratory Judgment that LDA has no liens against the Vessels, it is undisputed that Mrs. Amory filed no individual liens against the Vessels nor was she a party plaintiff to the March 2021 arrest proceedings in this District. Thus, a resolution of this Count has no bearing on Mrs. Amory as an individual defendant.

against Mrs. Amory.  *See Liberty Highrise Private Ltd. v. Praxis Energy Agents DMCC*, 2022 WL 4618910 at *3 (S.D.N.Y. Sept. 30, 2022).  Under maritime law, the plaintiff must demonstrate that Mrs. Amory "used the corporate entity to perpetrate a fraud or so ha[s] so dominated and disregarded the corporate entity's corporate form that the corporate entity primarily transacted [Mrs. Amory's] business rather than its own corporate business."  *Id. quoting Williamson v. Recovery Ltd. Partnership*, 542 F.3d 43, 53 (2d Cir. 2008).

The standard under Virginia law is similar.  *Perpetual Real Estate Services Inc. v. Michaelson Properties Inc.*, 974 F.2d 545 (4th Cir. 1992). "The Supreme Court of Virginia has specifically held, however, that proof that some person 'may dominate or control' the corporation, or 'may treat it as a mere department, instrumentality, agency, etc.' is not enough to pierce the corporate veil…. Hence, plaintiff must also establish 'that the corporation was a device or a sham used to disguise wrongs, obscure fraud, or conceal crime.'"  *Id.* at 548.

Plaintiffs' own Complaint belies any suggestion that Mrs. Amory dominated or disregarded LDA's corporate formalities.  In fact, the Complaint's allegations, taken as true for the purposes of this motion, state the exact opposite of such domination.   For example, the Complaint alleges that it was Meade Amory who "caused LDA, a company of which he is an officer and employee, to file the *in rem* actions against the Vessels… [and] controlled the actions which lead to the arrest of the Vessels…."  Docket No. 1 at ¶84-85.

More importantly, the Complaint itself alleges that "Mrs. Amory is not familiar with the business affairs and records of LDA, she has little to no knowledge of the purported loans from LDA made over the years to the LLCs upon which the Verified [Arrest] Complaint was premised, and she has no knowledge of any necessaries provided to the Vessels by LDA."  *Id*. at ¶92.  Thus,

the Complaint not only fails to cite a single factor that supports piercing the corporate veil, its allegations concerning Mrs. Amory are completely contrary to any such theory of liability.

## II.      Allegedly False Verification by Mrs. Amory is not Actionable

With no veil piercing theory presented or supported by Plaintiffs' Complaint for Wrongful Arrest, the only other allegations against Mrs. Amory relate to her Verification of the arrest complaint. *Id*. at ¶ 112, 121.  In particular, Para. 112 alleges that "Mrs. Amory's Verification was made in violation of 28 U.S.C. §1746, and with gross negligence and/or reckless regard for the truth."  Even if such an allegation could be proven at trial, there is no private right of action under either the federal or Virginia statutes concerning verifications under oath. *Fitzgerald v. Murray*, 2022 WL 16786355 (S.D. Ind. Nov. 8, 2022) (no federal or state civil cause of action for perjury); *Mack v. Perpetua*, 2020 WL 13220964 at *5 (D. Conn. Nov. 16, 2020) (18 U.S.C. §1746 does not create or imply a private right of action for violation); *Edwards v. Reynolds*, 2021 WL 1206414 at *5 (W.D. Va. March 30, 2021) (violation of Virginia's statute [Va. St. §18.2-434] concerning declarations and verifications under penalty of perjury does not give rise to a civil right of action.).

Accordingly, even if Plaintiff could prove that Mrs. Amory's verification of the arrest complaint was in violation of a federal or state statute concerning such statements, Plaintiff has no cause of action against her under those statutes.

## Conclusion

Plaintiff's Complaint against Mrs. Amory should be dismissed, as there is no genuine issue of material fact which would support a cause of action for either wrongful arrest or false verification against her as an individual defendant.

Dated: January 27, 2023

_____/s/ K. Barrett Luxhoj_____
James L. Chapman, IV, VSB No. 21983
K. Barrett Luxhoj, VSB No. 86302
CRENSHAW, WARE & MARTIN, P.L.C.
150 W. Main Street, Suite 1923
Norfolk, Virginia 23510
Telephone: (757) 623-3000
Facsimile: (757) 623-5735
jchapman@cwm-law.com
kbluxhoj@cwm-law.com

and

Mary Elisa Reeves (admitted *pro hac vice*)
Reeves McEwing LLP
1004 S. Front Street
Philadelphia, PA 19147
Telephone: (267) 324-3773
Facsimile: (267) 519-9463
reeves@lawofsea.com
*Counsel for Defendants L.D. Amory and
Company, Incorporated and Quinby J. Amory*

## CERTIFICATE OF SERVICE

I hereby certify that on this 27th day of January 2023, I electronically filed the foregoing using the CM/ECF system which will send notification of such filing to all counsel or record.

_____/s/ K. Barrett Luxhoj_____