UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
NEWPORT NEWS DIVISION
IN ADMIRALTY

FILED
MAR 1 2 2021
CLERK, U.S. DISTRICT COURT
NORFOLK, VA

| | |
|---|---|
| L. D. AMORY AND COMPANY, INC. | ) |
| Plaintiff, | ) |
| v. | ) |
| F/V BELLA SKY O.N. 580932, ALL OF HER ENGINES, TACKLE, ACCESSORIES, FISHING PERMITS, FURNISHINGS, EQUIPMENT, FREIGHTS AND APPURTENANCES, *in rem*, | ) Case No.: 4:21cv24 |
| and | ) |
| F/V QUINBY ALLIE O.N. 507438, AND ALL OF HER ENGINES, TACKLE, ACCESSORIES, FISHING PERMITS, FURNISHINGS, EQUIPMENT, FREIGHTS and APPURTENANCES, *in rem*, | ) |
| and | ) |
| BELLA SKY, LLC, QUINBY ALLIE, LLC, CHARLES MEADE AMORY and TROY D. DWYER, *in personam*, | ) |
| Defendants. | ) |

**VERIFIED COMPLAINT FOR VESSEL ARREST INTEROLOCUTORY SALE AND FOR MONEY DAMAGES FOR BREACH OF MARITIME CONTRACT**

Plaintiff L. D. Amory and Company Inc. (hereinafter "PLAINTIFF"), by and through counsel, and upon the verification attached hereto of Quinby J. Armory, President of L.D. Amory, brings this Verified Complaint against F/V BELLA SKY *and* F/V QUINBY ALLIE, *in rem*, Bella Sky LLC, Quinby Allie, LLC, Troy D. Dwyer, and Charles Meade Amory, *in personam*, and in support thereof avers as follows:

## JURISDICTION

1. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §1333(1) and 46 U.S.C. § 31301, *et seq.* (Maritime Lien Act). This action is a maritime and admiralty claim under Rule 9(h) of the Federal Rules of Civil Procedure, and within the Supplemental Rules for Certain Admiralty and Maritime Claims.

2. Venue is proper in this Court because the F/V BELLA SKY and F/V QUINBY ALLIE, are or will be within the jurisdiction of this Court during the pendency of this action.

## **PARTIES**

3. At all times material hereto, PLAINTIFF was and still is a Virginia corporation and the owner and operator of a "fish house" in Hampton, Virginia, which markets and sells seafood products at wholesale.

4. Pursuant to a businesss arrangement with Defendants, PLAINTIFF has paid for and/or provided necessaries to the F/V BELLA SKY and F/V QUINBY ALLIE (collectively "the Vessels").

5. PLAINTIFF is a guarantor of the ship mortgages on the Vessels.

6. United States Coast Guard records reflect that the Vessels are engaged in the commercial fishery. Upon information and belief the Vessels are now and/or will be, during the pendency of this action, within the jurisdiction of this Honorable Court.

7. Defendant, Bella Sky, LLC, is a Virginia limited liability company with a principal place of business in Hampton, Virginia, and the owner of the F/V BELLA SKY.

8. Defendant, Quinby Allie, LLC, is a Virginia limited liability company with a principal place of business in Hampton, Virginia and the owner of the F/V QUINBY ALLIE.

9. Defendant Charles Meade Armory ("C. Amory") is an individual residing in the Commonwealth of Virginia, City of Hampton, and at all times material hereto was a 50% member of and a manager of Defendants Bella Sky, LLC and Quinby Allie, LLC.

10. Defendant Troy Dwyer ("Dwyer") is an individual residing in the Commonwealth of Massachusetts, and at all times material hereto was the Captain and Manager of the vessels and a 50% member and manager of Defendants Bella Sky, LLC and Quinby Allie, LLC.

11. Pursuant to a businesss arrangement with Defendants, PLAINTIFF has paid for and/or provided necessaries to the F/V BELLA SKY and F/V QUINBY ALLIE (collectively "the Vessels").

12. Upon information and belief, Dwyer, mismanaged the operation of the Vessels, causing them to lose money.

13. Upon information and belief, Dwyer has charged personal items and expenses on credit cards in the name of Bella Sky, LLC and Quinby Allie, LLC ("Company Credit Cards"), including travel to California to purchase another fishing vessel for a company unrelated to the companies to which he charged the expenses and has and continues to compete with the Vessels and their respective companies.

14. Plaintiff has paid all charges made on the Company Credit Cards, including the foregoing personal expenses.

15. Upon information and belief, Dwyer has operated and continues to operate the F/V QUINBY ALLIE for his own personal monetary benefit, and has set up new bank accounts and has absconded with fishing proceeds from the F/V QUINBY ALLIE and the F/V BELLA SKY, which should have been used to pay the debts owed to PLAINTIFF per their agreement.

## FIRST CAUSE OF ACTION
(Maritime Lien against in rem Defendants)

16. PLAINTIFF hereby incorporates by reference the foregoing paragraphs of this Complaint, as if fully set forth herein.

17. For years and continuing through the present, PLAINTIFF has provided certain supplies (i.e. ice, fuel and materials) and financing for the operation and benefit of the Vessels, has made payments on the ship mortgages, credit card bills, and other debts of the Vessels, and has provided funding for maintenance, repairs and berthing for the Vessels, all of which constitute "necessaries" within the meaning of the Maritime Lien Act.

18. Despite agreement to pay, and demand made, Defendants have failed to repay to PLAINTIFF the money advanced and for necessaries to the Vessels and Defendants as described above.

19. Defendants have failed to repay the amounts due for necessaries provided by PLAINTIFF which are currently in excess of $1,095,699.23 of which the two individual vessels in this action owe the following amounts:

F/V BELLA SKY ....................................... $501,567.43 and

F/V QUINBY ALLIE ................................... $594,131.80

PLAINTIFF therefore have and do assert a maritime lien against the Vessels *in rem* for the full amounts advanced and or paid as described above.

20. All and singular, the premises contained in this first cause of action are true and within the Admiralty and Maritime jurisdiction of the United States and this Honorable Court.

**WHEREFORE,** PLAINTIFF prays:

a. That a warrant of arrest issue against the F/V BELLA SKY and the F/V QUINBY ALLIE, their engines, freights, boilers, fishing permits, machinery, tackle, apparel,

furniture, equipment, rigging, and all other appurtenances thereto, etc., and that all other persons claiming any interest in the Vessels be cited to appear and file an answer to this Complaint;

b. That PLAINTIFF'S maritime lien as to the F/V BELLA SKY be declared to be valid and subsisting in an amount not less than $501,567.43, plus prejudgment interest and costs of suit and that such lien is prior and superior to the interests, maritime and non-maritime liens or claims of any and all persons, firms or corporations whatsoever;

c. That PLAINTIFF'S maritime lien as to the F/V QUINBY ALLIE be declared to be valid and subsisting in an amount not less than $594,131.80, plus prejudgment interest and cost of suit and, that such lien is prior and superior to the interests, maritime and non-maritime liens or claims of any and all persons, firms or corporations whatsoever;

d. That the Vessels, their engines, freights, boilers, fishing permits, machinery, tackle, apparel, furniture, equipment, rigging, and all other appurtenances thereto, etc.. be condemned and sold to pay the same;

e. That PLAINTIFF recover from the *in rem* Defendants, jointly and severally, the amount of any deficiency, including expenses and costs that may be due PLAINTIFF after applying the proceeds of the sale of the Vessels, after expenses, to the amount of the decree herein requested; and

f. That PLAINTIFF have such other and further relief in justice it may be entitled to receive, and which this Honorable Court deems just and proper.

## SECOND CAUSE OF ACTION
(Claims against in personam Defendants)

21. PLAINTIFF hereby incorporates by reference the foregoing paragraphs of this Complaint, as if fully set forth herein.

22. Defendants owed and continues to owe to PLAINTIFF a duty of loyalty and fair dealing.

23. Defendants have breached their duty of loyalty and fair dealing to PLAINTIFF.

24. In consideration of the advancing of funds to pay the Vessel's operating expenses, bills and mortgages by PLAINTIFF, and PLAINTIFF's agreement to guarantee or otherwise secure loans for the benefit of the Vessels and the *in personam* Defendants, Defendants agreed to, or were otherwise obligated to, reimburse PLAINTIFF by way of cash payments and/or by sharing the proceeds of the Vessel's catch ("Settlement Amounts") with PLAINTIFF.

25. Defendants have breached their duty to reimburse PLAINTIFF by direct payments and have failed to share the Settlement Amounts with PLAINTIFF.

28. PLAINTIFF therefore seeks damages from Defendants in an amount in excess of $1,095,699.23 which amount continues to accrue.

**WHEREFORE**, PLAINTIFF prays:

a. That this Court enter judgment in favor of PLAINTIFF and against the Defendants Bella Sky, LLC, Quinby Allie, LLC, C. Amory, and Dwyer in an amount exceeding $1,090,000, together with interest, attorney's fees and costs;

b. That PLAINTIFF recover from the *in personam* Defendants, jointly and severally, the amount of any deficiency, including expenses and costs that may be due

PLAINTIFF in the amount of the decree herein requested; and

c. That PLAINTIFF have such other and further relief in justice it may be entitled to receive, and which this Honorable Court deems just and proper.

## THIRD CAUSE OF ACTION
(Claim against Defendant Dwyer, individually)

29. PLAINTIFF hereby incorporates by reference the foregoing paragraphs of this Complaint, as if fully set forth herein.

30. Defendant Dwyer, as Captain and Manager of the Vessels, and a member/manager of Bella Sky LLC and Quinby Allie LLC, owed a duty of loyalty and fair dealing to PLAINTIFF.

31. Defendant Dwyer, breached his duty by converting to his own personal use, funds or credit advanced by PLAINTIFF for the operation of the Vessels.

32. Defendant Dwyer, further breached his duties to PLAINTIFF by converting funds or credit advanced by PLAINTIFF for the operation of the Vessels, for the purposes of funding a competitive fishing venture.

33. Defendant Dwyer, further breached his duties to PLAINTIFF by converting Settlement Amounts to his own personal benefit and use.

34. PLAINTIFF therefore demands that damages be awarded against Defendant Dwyer in the form of restitution, as well as consequential and punitive damages.

**WHEREFORE**, PLAINTIFF prays:

a. That this Court enter judgment in favor of PLAINTIFF and against Defendant TROY D. DWYER for compensatory damages in an amount to be determined, punitive damages, interest, attorney's fees and costs;

b. That PLAINTIFF have such other and further relief in justice it may be entitled to receive, and which this Honorable Court deems just and proper.

Dated: March 12, 2021

Respectfully submitted,

By: /s/Patrick M. Brogan
Patrick M. Brogan, (VSB No. 25568)
Davey & Brogan, P.C.
101 Granby Street, Suite 300
Norfolk, VA 23510
Phone: (757) 622-0100
Facsimile: (757) 622-4924
Email: pbrogan@daveybroganpc.com
*Counsel for L.D. Amory & Company, Inc.*

Brian McEwing
Reeves McEwing, LLP
10 Andrews Lane, PO BOX 599
Dorchester, NJ 08316
(P) 609-846-4717
(F) 609-884-4378
mcewing@lawofsea.com

1004 S. Front St.
Philadelphia, PA 19147
(P) 267-324-3773
(F) 267-519-9463
Pro hace vice application filed
Counsel for L.D. Amory & Company, Inc.