**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**NEWPORT NEWS DIVISION**
In Admiralty

| | |
|---|---|
| **TROY D. DWYER,** *et al*. | |
| **Plaintiffs,** | |
| **v.** | **Civil No: 4:21-cv-00037-AWA-RJK** |
| **L.D. AMORY AND COMPANY,** **INCORPORATED,** *et al*. | |
| **Defendants.** | |

**DEFENDANTS' ANSWER TO AMENDED VERIFIED COMPLAINT**
**AND L.D. AMORY'S COUNTERCLAIM AGAINST**
**BELLA SKY LLC AND QUINBY ALLIE LLC**

Defendants, L. D. Amory and Company Incorporated ("LD Amory") and Quinby J. Amory ("Mrs. Amory"), collectively referred to as "Answering Defendants", by and through counsel, hereby answer Plaintiffs' Amended Complaint, and in support thereof state as follows:

**PARTIES AND JURISDICTION**

1.      Admitted.

2.      Denied. Answering Defendants lack knowledge sufficient to form a belief as to the truth of the allegations in this paragraph, therefore same are denied and strict proof thereof is demanded at trial.

3.      Admitted.

4.      Denied as stated. It is admitted that LDA operates a fish house in Hampton, Virginia. All remaining allegations are denied and strict proof thereof is demanded at trial.

5.    Denied as stated. It is admitted only that C. Meade Amory is the Secretary/Treasurer of LD Amory. Answering Defendants lack knowledge sufficient to form a belief as to the truth of the remaining allegations in this paragraph, therefore same are denied and strict proof thereof is demanded at trial.

6.    An unopposed Motion to Dismiss has been filed by Mrs. Amory, and therefore no response is required at this time.

7.    Denied. The allegations of this paragraph are conclusions of law to which no response is required.

8.    Denied. The allegations of this paragraph are conclusions of law to which no response is required.

## DUTIES OF C. MEADE AMORY

9.    The allegations of this paragraph are not directed to Answering Defendants and therefore no response is required.

10.    The allegations of this paragraph are not directed to Answering Defendants and therefore no response is required.

11.    The allegations of this paragraph, and all subparts, are not directed to Answering Defendants and therefore no response is required.

12.    Denied. The allegations of this paragraph are conclusions of law to which no response is required.

## FACTS

13.    Denied. Answering Defendants lack knowledge sufficient to form a belief as to the truth of the allegations in this paragraph, therefore same are denied and strict proof thereof is demanded at trial.

14.     Denied. Answering Defendants lack knowledge sufficient to form a belief as to the truth of the allegations in this paragraph, therefore same are denied and strict proof thereof is demanded at trial.

15.     Denied as stated. It is admitted only that the books and records of the LLCs were kept at the office of the fish house prior to this litigation. Answering Defendants lack knowledge sufficient to form a belief as to the truth of the remaining allegations in this paragraph, therefore same are denied and strict proof thereof is demanded at trial.

16.     Denied. Answering Defendants lack knowledge sufficient to form a belief as to the truth of the allegations in this paragraph, therefore same are denied and strict proof thereof is demanded at trial.

17.     Denied as stated. It is admitted only that LD Amory at one time had accounts at BB&T and its staff at one time performed bookkeeping for the LLCs. Answering Defendants lack knowledge sufficient to form a belief as to the truth of the remaining allegations in this paragraph, therefore same are denied and strict proof thereof is demanded at trial.

18.     Denied.

19.     Denied. Answering Defendants lack knowledge sufficient to form a belief as to the truth of the allegations in this paragraph, therefore same are denied and strict proof thereof is demanded at trial.

20.     Denied. Answering Defendants lack knowledge sufficient to form a belief as to the truth of the allegations in this paragraph, therefore same are denied and strict proof thereof is demanded at trial.

21.     Denied as stated. It is admitted only that Triplett was an employee at the time the vessels were arrested.  All remaining allegations in this paragraph are denied, and strict proof thereof is demanded at trial.

22.     Denied as stated. It is admitted only that LD Amory performed book keeping for the LLCs. Answering Defendants lack knowledge sufficient to form a belief as to the truth of the remaining allegations in this paragraph, therefore same are denied and strict proof thereof is demanded at trial.

23.     Denied as stated. It is admitted only that LD Amory performed book keeping for the LLCs, which included payment of expenses. Answering Defendants lack knowledge sufficient to form a belief as to the truth of the allegations in this paragraph, therefore same are denied and strict proof thereof is demanded at trial.

24.     Denied. Answering Defendants lack knowledge sufficient to form a belief as to the truth of the allegations in this paragraph, therefore same are denied and strict proof thereof is demanded at trial.

25.     Denied as stated. It is admitted that part of the fish house operations is to settle the catch of a vessel. All remaining allegations are denied and strict proof thereof is demanded at trial.

26.     Denied as stated. It is admitted that the LD Amory's staff settled landings at its fish house. All remaining allegations are denied and strict proof thereof is demanded at trial.

27.     Denied. Answering Defendants lack knowledge sufficient to form a belief as to the truth of the allegations in this paragraph, therefore same are denied and strict proof thereof is demanded at trial.

28.     Denied. Answering Defendants lack knowledge sufficient to form a belief as to the truth of the allegations in this paragraph, therefore same are denied and strict proof thereof is demanded at trial.

**BELLA SKY, LLC AND F/V BELLA SKY**

29.     Denied. Answering Defendants lack knowledge sufficient to form a belief as to the truth of the allegations in this paragraph, therefore same are denied and strict proof thereof is demanded at trial.

30.     Denied. Answering Defendants lack knowledge sufficient to form a belief as to the truth of the allegations in this paragraph, therefore same are denied and strict proof thereof is demanded at trial.

31.     Denied. Answering Defendants lack knowledge sufficient to form a belief as to the truth of the allegations in this paragraph, therefore same are denied and strict proof thereof is demanded at trial.

32.     Denied. Answering Defendants lack knowledge sufficient to form a belief as to the truth of the allegations in this paragraph, therefore same are denied and strict proof thereof is demanded at trial.

33.     Denied. Answering Defendants lack knowledge sufficient to form a belief as to the truth of the allegations in this paragraph, therefore same are denied and strict proof thereof is demanded at trial.

34.     Denied as stated. In addition to being a guarantor, LD Amory was a co-borrower on the loan.

35.    Denied. Answering Defendants lack knowledge sufficient to form a belief as to the truth of the allegations in this paragraph, therefore same are denied and strict proof thereof is demanded at trial.

36.    Denied. Answering Defendants lack knowledge sufficient to form a belief as to the truth of the allegations in this paragraph, therefore same are denied and strict proof thereof is demanded at trial.

37.    Denied. Answering Defendants lack knowledge sufficient to form a belief as to the truth of the allegations in this paragraph, therefore same are denied and strict proof thereof is demanded at trial.

## QUINBY ALLIE LLC AND F/V QUINBY ALLIE

38.    Denied. Answering Defendants lack knowledge sufficient to form a belief as to the truth of the allegations in this paragraph, therefore same are denied and strict proof thereof is demanded at trial.

39.    Denied. Answering Defendants lack knowledge sufficient to form a belief as to the truth of the allegations in this paragraph, therefore same are denied and strict proof thereof is demanded at trial.

40.    Denied. Answering Defendants lack knowledge sufficient to form a belief as to the truth of the allegations in this paragraph, therefore same are denied and strict proof thereof is demanded at trial.

41.    Denied. Answering Defendants lack knowledge sufficient to form a belief as to the truth of the allegations in this paragraph, therefore same are denied and strict proof thereof is demanded at trial.

42.     Denied. Answering Defendants lack knowledge sufficient to form a belief as to the truth of the allegations in this paragraph, therefore same are denied and strict proof thereof is demanded at trial.

43.     Denied. Answering Defendants lack knowledge sufficient to form a belief as to the truth of the allegations in this paragraph, therefore same are denied and strict proof thereof is demanded at trial.

44.     Denied. Answering Defendants lack knowledge sufficient to form a belief as to the truth of the allegations in this paragraph, therefore same are denied and strict proof thereof is demanded at trial.

45.     Denied. Answering Defendants lack knowledge sufficient to form a belief as to the truth of the allegations in this paragraph, therefore same are denied and strict proof thereof is demanded at trial.

46.     Denied. Answering Defendants lack knowledge sufficient to form a belief as to the truth of the allegations in this paragraph, therefore same are denied and strict proof thereof is demanded at trial.

47.     Denied. Answering Defendants lack knowledge sufficient to form a belief as to the truth of the allegations in this paragraph, therefore same are denied and strict proof thereof is demanded at trial.

48.     Denied. Answering Defendants lack knowledge sufficient to form a belief as to the truth of the allegations in this paragraph, therefore same are denied and strict proof thereof is demanded at trial.

49.     Denied. Answering Defendants lack knowledge sufficient to form a belief as to the truth of the allegations in this paragraph, therefore same are denied and strict proof thereof is demanded at trial.

50.     Denied. Answering Defendants lack knowledge sufficient to form a belief as to the truth of the allegations in this paragraph, therefore same are denied and strict proof thereof is demanded at trial.

51.     Denied. Answering Defendants lack knowledge sufficient to form a belief as to the truth of the allegations in this paragraph, therefore same are denied and strict proof thereof is demanded at trial.

52.     Denied. Answering Defendants lack knowledge sufficient to form a belief as to the truth of the allegations in this paragraph, therefore same are denied and strict proof thereof is demanded at trial.

53.     Denied. Answering Defendants lack knowledge sufficient to form a belief as to the truth of the allegations in this paragraph, therefore same are denied and strict proof thereof is demanded at trial.

54.     Denied. Answering Defendants lack knowledge sufficient to form a belief as to the truth of the allegations in this paragraph, therefore same are denied and strict proof thereof is demanded at trial.

55.     Denied. Answering Defendants lack knowledge sufficient to form a belief as to the truth of the allegations in this paragraph, therefore same are denied and strict proof thereof is demanded at trial.

56.     Denied. Answering Defendants lack knowledge sufficient to form a belief as to the truth of the allegations in this paragraph, therefore same are denied and strict proof thereof is demanded at trial.

57.     Denied.

58.     Denied.

## COMPANY SALE NEGOTIATIONS AND AMORY TYING UP VESSELS

59.     Denied. Answering Defendants lack knowledge sufficient to form a belief as to the truth of the allegations in this paragraph, therefore same are denied and strict proof thereof is demanded at trial.

60.     Denied. Answering Defendants lack knowledge sufficient to form a belief as to the truth of the allegations in this paragraph, therefore same are denied and strict proof thereof is demanded at trial.

61.     Denied. Answering Defendants lack knowledge sufficient to form a belief as to the truth of the allegations in this paragraph, therefore same are denied and strict proof thereof is demanded at trial.

62.     Denied. Answering Defendants lack knowledge sufficient to form a belief as to the truth of the allegations in this paragraph, therefore same are denied and strict proof thereof is demanded at trial.

63.     Denied. Answering Defendants lack knowledge sufficient to form a belief as to the truth of the allegations in this paragraph, therefore same are denied and strict proof thereof is demanded at trial.

64.     Denied. Answering Defendants lack knowledge sufficient to form a belief as to the truth of the allegations in this paragraph, therefore same are denied and strict proof thereof is demanded at trial.

65.     Denied. Answering Defendants lack knowledge sufficient to form a belief as to the truth of the allegations in this paragraph, therefore same are denied and strict proof thereof is demanded at trial.

66.     Denied. Answering Defendants lack knowledge sufficient to form a belief as to the truth of the allegations in this paragraph, therefore same are denied and strict proof thereof is demanded at trial.

67.     Denied as stated. The check speaks for itself. By way of further response, the check was to pay past amounts due to LD Amory, and because of the lack of cash, $50,000 was returned to the account of Quinby Allie, LLC the next day. All remaining allegations are denied and strict proof thereof is demanded at trial.

68.     Denied as stated. It is admitted that a letter dated September 10, 2020 was transmitted by LD Amory to the LLCs. The letter speaks for itself. All remaining allegations are denied and strict proof thereof is demanded at trial.

69.     Denied. Answering Defendants lack knowledge sufficient to form a belief as to the truth of the allegations in this paragraph, therefore same are denied and strict proof thereof is demanded at trial.

70.     Denied. Answering Defendants lack knowledge sufficient to form a belief as to the truth of the allegations in this paragraph, therefore same are denied and strict proof thereof is demanded at trial.

71.    Denied. Answering Defendants lack knowledge sufficient to form a belief as to the truth of the allegations in this paragraph, therefore same are denied and strict proof thereof is demanded at trial.

72.    Denied. Answering Defendants lack knowledge sufficient to form a belief as to the truth of the allegations in this paragraph, therefore same are denied and strict proof thereof is demanded at trial.

73.    Denied. Answering Defendants lack knowledge sufficient to form a belief as to the truth of the allegations in this paragraph, therefore same are denied and strict proof thereof is demanded at trial.

74.    Denied.

75.    Denied. Answering Defendants lack knowledge sufficient to form a belief as to the truth of the allegations in this paragraph, therefore same are denied and strict proof thereof is demanded at trial.

76.    Denied. Answering Defendants lack knowledge sufficient to form a belief as to the truth of the allegations in this paragraph, therefore same are denied and strict proof thereof is demanded at trial.

77.    Denied as stated. It is admitted that the LLCs incurred significant debt to LD Amory, and proof of debt has been provided to the LLCs. All remaining allegations are denied. and strict proof thereof is demanded at trial.

78.    Denied as stated. It is admitted that the vessels owned by the LLCs had a steady increase in debt to LD Amory. All remaining allegations are denied and strict proof thereof is demanded at trial.

79.    Denied.

11

80.     Denied as stated. It is admitted that a Verified Complaint seeking arrest of the LLC's vessels was filed on March 12, 2021. Answering Defendants lack knowledge sufficient to form a belief as to the truth of the allegations in this paragraph, therefore same are denied and strict proof thereof is demanded at trial.

81.     Denied. Answering Defendants lack knowledge sufficient to form a belief as to the truth of the allegations in this paragraph, therefore same are denied and strict proof thereof is demanded at trial.

## THE VESSEL ARREST, LIEN AND FORECLOSSURE EFFORTS IN VIRGINIA

82.     Denied. The allegations of this paragraph are conclusions of law to which no answer is required. It is specifically denied that the liens are false, fraudulent, or unlawful.

83.     Admitted.

84.     Denied as stated. It is admitted only that LD Amory filed such a Verified Complaint which speaks for itself.

85.     Denied as stated. It is admitted that the vessels were arrested at the direction of LD Amory and LD Amory was appointed substituted custodian. All remaining allegations are denied and strict proof thereof is demanded at trial.

86.     Denied as stated. It is admitted only that Triplett sought maritime counsel further to effecting the arrest of the LLC's vessels. All remaining allegations are denied and strict proof thereof is demanded at trial.

87.     Denied as stated. It is admitted only that records were gathered as to the debt owed to LD Amory by the LLC's including the debt owed by A&D Fisheries. By way of further response, the fishing permits, previously aboard A&D's vessel was transferred to Quinby

Allie's vessel. All remaining allegations are denied and strict proof thereof is demanded at trial..

88.    Denied as stated. It is admitted only that LD Amory caused the arrest of the vessels. All remaining allegations are denied and strict proof thereof is demanded at trial.

89.    Denied. The allegations of this paragraph are conclusions of law to which no answer is required. It is specifically denied that the liens are false. By way of further response, a claim against the vessels and the LLCs has been asserted as Intervenor by LD Amory as to the maritime liens in two actions filed in the District of Massachusetts, captioned as *TRUIST v. F/V BELLA SKY*, et al., Case No. 21-cv-10841 and *TRUIST v. F/V QUINBY ALLIE et al*., Case No. 21-cv-10835.

90.    Denied. The allegations of this paragraph are conclusions of law to which no answer is required. It is specifically denied that the liens were wrongful, unlawful, unsupported, or not for necessaries.

91.    Denied as stated. The Verification speaks for itself.

92.    Denied.

93.    Denied.

94.    Denied as stated. It is admitted that the vessels were released and the action dismissed without prejudice on March 15, 2021. By way of further response, a claim against the vessels and the LLCs was been asserted by Intervenor by LD Amory as to the maritime liens two actions filed in the District of Massachusetts, captioned as *TRUIST v. F/V BELLA SKY*, et al., Case No. 21-cv-10841 and *TRUIST v. F/V QUINBY ALLIE et al*., Case No. 21-cv-10835. Answering Defendants lack knowledge sufficient to form a belief as to the truth of the

remaining allegations in this paragraph, therefore same are denied and strict proof thereof is demanded at trial.

95.     Denied as stated. It is admitted only that BB&T was notified of the filed liens by L.D. Amory's counsel as required by law, and which occurred before the vessels were arrested. It is specifically denied that the email identified as Exhibit J was sent to BB&T or Truist.  All remaining allegations are denied and strict proof thereof is demanded at trial.

96.     Denied. Answering Defendants lack knowledge sufficient to form a belief as to the truth of the allegations in this paragraph, therefore same are denied and strict proof thereof is demanded at trial.

## AMORY'S ADDITIONAL BREACHES OF FIDUCIARY DUTY AND PERSONAL MOTIVES

97.     The allegations of this paragraph, and all subparts, are not directed to Answering Defendants and therefore no response is required.  To the extent an answer is deemed to be required, the allegations are denied and strict proof thereof is demanded at trial.

98.     The allegations of this paragraph, and all subparts, are not directed to Answering Defendants and therefore no response is required. To the extent an answer is deemed to be required, the allegations are denied and strict proof thereof is demanded at trial.

99.     The allegations of this paragraph are not directed to Answering Defendants and therefore no response is required. To the extent an answer is deemed to be required, the allegations are denied and strict proof thereof is demanded at trial.

100.    The allegations of this paragraph are not directed to Answering Defendants and therefore no response is required. To the extent an answer is deemed to be required, the allegations are denied and strict proof thereof is demanded at trial.

## THE VESSEL ARREST, LIENS AND FORECLOSURE EFFORTS IN MASSACHUSETTS

101.    Denied.  BB&T was notified of the filed liens by L.D. Amory's counsel as required by law. It is specifically denied that the email identified as Exhibit J was sent to BB&T or Truist.  All remaining allegations are denied and strict proof thereof is demanded at trial.

102.    Denied.  The letter from L.D. Amory's counsel to BB&T enclosing the filed liens speaks for itself.  All remaining allegations are denied and strict proof is demanded at trial.

103.    Denied.  Answering Defendants lack knowledge sufficient to form a belief as to the truth of the allegations in this paragraph, therefore same are denied and strict proof thereof is demanded at trial.

104.    Denied.  Answering Defendants lack knowledge sufficient to form a belief as to the truth of the allegations in this paragraph, therefore same are denied and strict proof thereof is demanded at trial.

105.    Denied.  BB&T was notified of the filed liens by L.D. Amory's counsel as required by law.  The remaining allegations are not directed to Answering Defendants, and therefore no answer is required.

106.    Denied.

107.    Denied.  Truist's Verified Complaint speaks for itself.

108.    Denied.  Truist's Verified Complaint speaks for itself.

109.    Admitted, upon information and belief.

110.    Denied.

111.    Denied as stated.  The F/V QUINBY ALLIE and F/V BELLA SKY have been sold to third parties and their present location or ability to earn fishing income is unknown to Answering Defendants.

112.    Denied as stated.  The amended lien notices speak for themselves.

113.    Denied as stated.  The amended lien notices speak for themselves.

114.    Denied.

115.    Admitted, upon information and belief.

116.    Denied.  Motions filed by Truist in the Massachusetts litigation speak for themselves.

117.    Admitted.

118.    Admitted, upon information and belief.

119.    Denied as stated.  It is admitted only that NJUP, LLC submitted the highest bid for the F/V QUINBY ALLIE in March 2022.  Answering Defendants lack knowledge sufficient to form a belief as to the truth of the remaining allegations in this paragraph, therefore same are denied and strict proof thereof is demanded at trial.

120.    Denied as stated.  The Vessels have now been sold to third parties with approval of the District Court in Massachusetts.  All remaining allegations are denied and strict proof thereof is demanded at trial.

121.    Denied.

## **RIGHT OF ACTION AND STANDING**

122.    Denied. Answering Defendants lack knowledge sufficient to form a belief as to the truth of the allegations in this paragraph, therefore same are denied and strict proof thereof is demanded at trial.

123.    Denied. Answering Defendants lack knowledge sufficient to form a belief as to the truth of the allegations in this paragraph, therefore same are denied and strict proof thereof is demanded at trial.

124.    Denied. Answering Defendants lack knowledge sufficient to form a belief as to the truth of the allegations in this paragraph, therefore same are denied and strict proof thereof is demanded at trial.

125.    Denied. Answering Defendants lack knowledge sufficient to form a belief as to the truth of the allegations in this paragraph, therefore same are denied and strict proof thereof is demanded at trial.

126.    Denied. Answering Defendants lack knowledge sufficient to form a belief as to the truth of the allegations in this paragraph, therefore same are denied and strict proof thereof is demanded at trial.

## **COUNT ONE**

**Wrongful Arrest – General Maritime Law**
**By Troy D. Dwyer, derivatively on behalf of Bella Sky LLA and Quinby Allie, LLC**
**Against L.D. Amory and Company Incorporated,**
**C. Meade Amory, and Quinby J. Amory**

127.    Answering Defendants hereby incorporate their prior answers as if fully set forth herein at length.

128.    Admitted. By way of further response, a claim against the vessels and the LLCs was asserted by Intervenor LD Amory as to the maritime liens in two actions filed in the District of Massachusetts, captioned as *TRUIST v. F/V BELLA SKY*, et al., Case No. 21-cv-10841 and *TRUIST v. F/V QUINBY ALLIE et al*., Case No. 21-cv-10835.

129. Denied. The allegations of this paragraph are conclusions of law to which no answer is required. It is specifically denied that the arrest was a sham.

130.   Denied. The allegations of this paragraph are conclusions of law to which no answer is required. It is specifically denied that the debt to LD Amory did not create a maritime lien, or that the liens were unlawful, false, or filed in bad faith or in gross negligence.

131. Denied. The allegations of this paragraph are conclusions of law to which no answer is required. It is specifically denied that the liens were wrongful, unlawful, or unsupported by evidence

132 . Denied. The allegations of this paragraph are conclusions of law to which no answer is required. By way of further response, the pleadings and verification speak for themselves.

133.   Denied.

134.   Denied as stated.  It is specifically denied that Amory was the only officer of LDA with sufficient knowledge of LDA's transactions with the LLCs.  The remaining allegations are denied and strict proof is demanded at trial.

135.    Denied as stated. It is admitted only that LD Amory caused the U.S. Marshal to seize the vessels, pursuant to a lawfully issued arrest warrant, to recoup the debt owed to it by the LLCs.

136.   Denied as stated. The pleading speaks for itself. All remaining allegations are denied and strict proof thereof is demanded at trial.

137.    Denied as stated. It is admitted only that LD Amory dismissed the action without prejudice on March 15, 2021. All remaining allegations are denied and strict proof thereof is demanded at trial.

138.     Denied. The allegations of this paragraph are conclusions of law to which no answer is required. It is specifically denied that the debt claimed by LD Amory is invalid, or unenforceable, or time barred.

139.     Denied. The allegations of this paragraph are conclusions of law to which no answer is required. It is specifically denied that the Debt of A&D Fisheries' is not enforceable against the F/V Quinby Allie.

140.     Denied. The allegations of this paragraph are conclusions of law to which no answer is required. It is specifically denied that the Debt owed to LD Amory did not create a maritime lien.

141.     Denied. The allegations of this paragraph are conclusions of law to which no answer is required. It is specifically denied that the arrest of the vessels was unlawful, and therefore no damages are owed to the LLCs.

142.     The Court should find the maritime liens valid and dismiss all claims of wrongful arrest against L.D. Amory and Quinby Amory.

## COUNT TWO

**Declaratory Relief that the Vessels are Not Subject to Maritime Liens Recorded by LDA under 46 U.S.C. § 31343(c)(2), and Demand for Attorneys' Fees and Costs By Troy D. Dwyer, derivatively on behalf of the LLCs Against L.D. Amory and Company, Incorporated and Quinby J. Amory**

143.     Answering Defendants incorporate their responses to Paragraphs 1 to 142 as if fully set forth here at length.

144.     Denied. The allegations of this paragraph are conclusions of law to which no answer is required. It is specifically denied that the allegations are the only method in which a lien for necessaries are created.

145.    Denied. The allegations of this paragraph are conclusions of law to which no answer is required. It is specifically denied that the allegations are the only method in which a lien for necessaries are created.

146.    Admitted. By way of further response amendments to the lien claim amount were since filed.

147.    Denied. The allegations of this paragraph are conclusions of law to which no answer is required. It is specifically denied that the liens are false, fraudulent, or were asserted in bad faith.

148.    Denied. The allegations of this paragraph are conclusions of law to which no answer is required. It is specifically denied that the liens were asserted in bad faith, or that Mrs. Amory has any liability to plaintiffs arising out of such filing.

149.    Denied. The allegations of this paragraph are conclusions of law to which no answer is required. It is specifically denied that the amounts owed to LD Amory are not maritime liens for necessaries.

150.    Denied as stated. LD Amory's liens included many years, and subsequent vessels using the same vessel name and fishing permit.

151.    Denied as stated. LD Amory's liens included many years, and subsequent Bella Sky vessels using the same vessel name and fishing permit.

152.    Denied. The allegations of this paragraph are conclusions of law to which no answer is required. It is specifically denied that the liens were based on a legal impossibility.

153.    Denied. The allegations of this paragraph are conclusions of law to which no answer is required. It is specifically denied that the assertion of the liens is invalid or wrongful.

154.    Denied. The allegations of this paragraph are conclusions of law to which no answer is required. It is specifically denied that the amounts claimed are time barred, invalid or unenforceable.

155.    The Court should dismiss Count Two as LD Amory has valid liens against both vessels.

## COUNT THREE

**Breach of Fiduciary Duty**
**By Troy D. Dwyer, Derivatively on Behalf of the LLCs and Individually**
**Against C. Meade Amory**

156.    Answering Defendants incorporate their responses to Paragraphs 1 to 155 as if fully set forth here at length.

157.    The allegations of this paragraph are not directed to Answering Defendants and therefore no response is required.

158.    The allegations of this paragraph are not directed to Answering Defendants and therefore no response is required.

159.    The allegations of this paragraph are not directed to Answering Defendants and therefore no response is required.

160.    The allegations of this paragraph are not directed to Answering Defendants and therefore no response is required.

161.    The allegations of this paragraph are not directed to Answering Defendants and therefore no response is required.

162.    The allegations of this paragraph are not directed to Answering Defendants and therefore no response is required.

163.    The allegations of this paragraph are not directed to Answering Defendants and therefore no response is required.

164.    The allegations of this paragraph are not directed to Answering Defendants and therefore no response is required.

165.    The allegations of this paragraph are not directed to Answering Defendants and therefore no response is required.

166.    The allegations of this paragraph are not directed to Answering Defendants and therefore no response is required.

167.    Denied.

168.    The allegations of this paragraph are not directed to Answering Defendants and therefore no response is required.

169.    The allegations of this paragraph are not directed to Answering Defendants and therefore no response is required.

170.    The allegations are not directed to Answering Defendants and therefore no response is required.

171.    The allegations of this paragraph, and all subparts, are not directed to Answering Defendants and therefore no response is required.

172.    The allegations of this paragraph, and all subparts, are not directed to Answering Defendants and therefore no response is required.

173.    The allegations of this paragraph are not directed to Answering Defendants and therefore no response is required.

174.    The allegations of this paragraph are not directed to Answering Defendants and therefore no response is required.

## COUNT FOUR

**Removal as Manager of the LLCs and Dissociation as Member
of the LLCs under Va. Code § 13.1-1040.1(5)
By Troy D. Dwyer, derivatively on behalf of the LLCs
Against C. Meade Amory**

175.    Answering Defendants incorporate their responses to Paragraphs 1 to 174 as if fully set forth here at length.

176.    The allegations of this paragraph are not directed to Answering Defendants and therefore no response is required.

177.    The allegations of this paragraph are not directed to Answering Defendants and therefore no response is required.

178.    The allegations of this paragraph, and all subparts, are not directed to Answering Defendants and therefore no response is required.

179.    The allegations of this paragraph are not directed to Answering Defendants and therefore no response is required.

180.    The allegations of this paragraph are not directed to Answering Defendants and therefore no response is required.

## COUNT FIVE

**Declaratory Relief as to Validity and Amount of Debt, 28 U.S.C. § 2201
By Troy D. Dwyer, derivatively on behalf of Bella Sky, LLC and Quinby Allie, LLC
Against L.D. Amory and Company, Incorporated**

181.    Answering Defendants incorporate their responses to Paragraphs 1 to 180 as if fully set forth here at length.

182.    Denied. The allegations of this paragraph are conclusions of law to which no answer is required. It is specifically denied that LD Amory or Mrs. Amory wrongly used of the judicial process or wrongfully asserted maritime liens.

183.     Denied. The allegations of this paragraph are conclusions of law to which no answer is required. It is specifically denied that plaintiffs are entitled to declaratory relief, or any other form of relief.

184.     Denied. LDA filed amended notice of claim of liens as to each vessel.

185.     Denied. The allegations of this paragraph are conclusions of law to which no answer is required.

186.     Denied. The allegations of this paragraph are conclusions of law to which no answer is required.

187.     The Court should declare the debt asserted by LD Amory is valid binding enforceable and constitute maritime liens against the vessels.

188.     Denied. It is specifically denied that any three year such time bar exists under maritime law, and the Court should decide the validity of all claimed liens pursuant to the general maritime law.

189.     The allegations of this paragraph are not directed to Answering Defendants and therefore no response is required.

**<u>COUNT SIX</u>**
**Accounting**
**By Troy Dwyer, Individually**
**Against Meade Amory**

190.     The allegations of this paragraph are not directed to Answering Defendants and therefore no response is required.

191.     The allegations of this paragraph are not directed to Answering Defendants and therefore no response is required.

192.     The allegations of this paragraph are not directed to Answering Defendants and therefore no response is required.

193.    The allegations of this paragraph are not directed to Answering Defendants and therefore no response is required.

194.    The allegations of this paragraph are not directed to Answering Defendants and therefore no response is required.

195.    The allegations of this paragraph are not directed to Answering Defendants and therefore no response is required.

196.    The allegations of this paragraph are not directed to Answering Defendants and therefore no response is required.

Answering Defendants deny the allegations set forth in Plaintiff's prayer for relief, and all subparts, directed to them and further deny that they are indebted to Plaintiff in any sum whatsoever.

WHEREFORE, Defendants, L.D. Amory and Mrs. Quinby Amory, demand judgment in their favor and against Plaintiffs, Troy Dwyer, Bella Sky LLC and Quinby Allie LLC on all Counts, together with attorneys' fees, costs and such other relief deemed appropriate under the circumstances.

## AFFIRMATIVE DEFENSES

1.    At the time of the arrest of the vessels in the Eastern District of Virginia, Plaintiff Dwyer and the LLCs was aware of the debt owed to LD Amory and that the debts were incurred in furtherance of the continued operation of the vessels.

2.    Plaintiff Dwyer has unclean hands as he was responsible for the debts incurred by the vessels, which created maritime liens on the vessels.

3.      Plaintiff Dwyer tied the vessels to the dock in Scituate, Massachusetts, causing LD Amory to pay additional amounts to the lender to avoid the foreclosure by the lender as LDA was a co-borrower and guarantor on the LLC's bank debt.

4.      Plaintiff Dwyer interfered with the post-arrest unloading of the vessels' catch in the Eastern District of Virginia.

5.      Meade Amory and Troy Dwyer, as members of A & D Fisheries, LLC, executed a Promissory Note in favor of LD Amory, which was the seed money for Meade Amory and Troy Dwyer's venture to buy their F/V LANGLEY DOUGLAS and its fishing permits, which debt constitute a maritime lien on the vessel and her fishing permits, and has never been repaid and, upon the sinking of the F/V LANGLEY DOUGLAS, the fishing permits were transferred to the F/V QUINBY ALLIE.

6.      Plaintiffs are not entitled to punitive damages.

7.      LD Amory was not a joint-venture participant with the LLCs and expected that the LLCs would repay the debts incurred by them.

8.      LD Amory acted out of commercial necessity to protect its interest in enforcing the maritime liens and not out of malice, fraud, or any other wrongful intent.

9.      Quinby J. Amory was at all times relevant acting as President of LD Amory and not in an individual capacity.

10.     At the time the vessels were arrested, by LD Amory had valid maritime liens against both vessels and their fishing permits, and the right to perfect its lien by arresting them and having the U.S. Marshal selling the vessels and fishing permits at auction to satisfy the liens.

11. LD Amory relied upon the advice of counsel to arrest the vessels and file the notices of claim of lien with the U.S. Coast Guard Vessel Documentation Center.

12. The Debts owed by A&D Fisheries, LLC to LD Amory are maritime liens and attached to the vessel and her permits, and the lien on the fishing permits survived the sinking of the F/V LANGLEY DOUGLAS, and the transfer of the fishing permits from the F/V LANGLEY DOUGLAS to the F/V QUINBY ALLIE carried the lien onto that vessel.

13. The Amended Complaint fails to state a cause of action against Mrs. Amory.

14. Even if the allegations concerning Mrs. Amory's Verification were true, which is specifically denied, there is no private cause of action under 28 U.S.C. §1746 or Va. St. § 18.2-434.

15. Laches does not bar the assertion of maritime liens by LD Amory beyond three years' time.

16. Plaintiffs have no basis to pierce the corporate veil of LD Amory.

17. Defendant L.D. Amory is entitled to a set off for all amounts owed to it by the LLCs, whether or not they give rise to maritime liens.

## L.D. AMORY'S COUNTERCLAIM AGAINST BELLA SKY LLC AND QUINBY ALLIE LLC

L.D. Amory and Company, Inc., by and through counsel, hereby bring the following Counterclaim against Plaintiffs Bella Sky LLC and Quinby Allie LLC (collectively, the LLCs), and in support thereof aver as follows:

1. L.D. Amory incorporates by reference its Answer to Plaintiffs' Amended Complaint as if set forth fully herein.

2. The LLCs owe substantial sums of money to L.D. Amory in connection with the purchase and operation of various vessels which were owned and operated by the LLCs.

3.      The LLCs borrowed substantial sums of money to L.D. Amory to buy vessels, maintain them, make mortgage payments on the vessels and insure the vessels.

4.      LD Amory also directly paid substantial sums of money to satisfy debts of the LLCs and/or their boats.

5.      L.D. Amory asserted maritime liens on the F/V BELLA SKY and F/V QUINBY ALLIE ("the Vessels") in both Virginia and Massachusetts.

6.      L.D. Amory voluntarily dismissed its *in rem* claims for maritime liens against the Vessels without prejudice in the Virginia litigation.

7.      L.D. Amory intervened in the Bank's arrest of the Vessels in Massachusetts to assert its maritime liens.

8.      The Massachusetts District Court approved the sale of the Vessels to third parties, free and clear of all liens, including those asserted by L.D. Amory.

9.      The Bank had a priority lien against the Vessels in an amount exceeding the sales price of the Vessels to third parties, and therefore the total proceeds from the Vessels' sales was paid to the Bank.

10.      The sale of the Vessels extinguished L.D. Amory's maritime liens or *in rem* claims against the Vessels, but did not affect L.D. Amory's claim against the LLCs *in personam* for the debts owed.

11.      L.D. Amory therefore brings this Counterclaim against the LLCs for all amounts owed, whether or not these claims were for necessaries or gave rise to maritime liens against any boats owned by any LLCs or their affiliated corporations.

12.      The total amounts owed by the LLCs is in excess of $500,000, plus interests, costs and attorney's fees.

WHEREFORE, Counterclaimant L. D. Amory and Company Incorporated demands judgment in its favor and against Bella Sky LLC and Quinby Allie LLC in an amount in excess of $500,000, together with interest, costs, attorney's fees and such other and further relief as may be appropriate.

Dated: February 23, 2023

_____ */s/ K. Barrett Luxhoj*_____
James L. Chapman, IV, VSB No. 21983
K. Barrett Luxhoj, VSB No. 86302
CRENSHAW, WARE & MARTIN, P.L.C.
150 W. Main Street, Suite 1500
Norfolk, Virginia 23510
Telephone: (757) 623-3000
Facsimile: (757) 623-5735
jchapman@cwm-law.com
kbluxhoj@cwm-law.com

and

Mary Elisa Reeves (admitted *pro hac vice*)
Reeves McEwing LLP
1004 S. Front Street
Philadelphia, PA 19147
Telephone: (267) 324-3773
Facsimile: (267) 519-9463
reeves@lawofsea.com
*Counsel for Defendants L.D. Amory and Company,*
*Incorporated and Quinby J. Amory*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 23rd day of February 2023, I electronically filed the foregoing using the CM/ECF system which will send notification of such filing to all counsel or record.

<u>        /s/ K. Barrett Luxhoj                </u>